UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPHINE TAMBURELLO,

    Plaintiff,                                CASE NO._____

vs.

AMAZON PROCESSING, LLC d/b/a
APPSTAR FINANCIAL,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* (hereinafter "TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331.

3. The alleged violations described in the Complaint occurred in Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

5. Plaintiff is the "called party." See Soppet v. Enhanced Recovery Co., LLC, 679 F. 3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

6.	Defendant Amazon Processing LLC d/b/a Appstar Financial (hereinafter "Appstar"), is a corporation and a citizen of the State of Delaware with its principal place of business at 9573 Chesapeake Drive, San Diego, California 92123.

7.	Defendant Appstar called Plaintiff approximately eighteen (18) times over a three month period, in an attempt to solicit business.

8.	Even though Plaintiff via her attorney made written demand for Defendant to stop contacting Plaintiff's cell phone, on May 7, 2014, Defendant called Plaintiff again on her cell phone from the phone number 858-427-9920.

9.	Defendant Appstar intentionally harassed and abused Plaintiff on numerous occasions by contacting Plaintiff on her cellular telephone without Plaintiff's prior consent.

10.	On Information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

11.	Each call Defendant Appstar made to Plaintiff was made using an "automatic telephone dialing system" that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. §227(a)(1).

12.	Each call Defendant Appstar made to Plaintiff's cellular phone was done so without the "express permission" of Plaintiff.

13.	Plaintiff has been assigned telephone number (813) 300-5656 for over the last ten years.

14.	Plaintiff does not now, nor has she ever, received services from Defendant Appstat.

15.	Plaintiff does not now, nor has she ever, entered into a business relationship with Defendant Appstar.

16.	Plaintiff has never provided her cellular telephone number to Defendant.

17.     On or about November 2013, Plaintiff began receiving automated calls to her cellular telephone (813) 300-5656 from Defendant Appstar.

18.     Plaintiff answered Defendant's telephone calls on at least three occasions in an attempt to speak with Defendant and end the calls.

19.     Plaintiff has received multiple calls in a single day from Defendant. [See Exhibit "A"]

20.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to Plaintiff's cellular telephone in this case, with no way for the consumer or Defendant to remove the incorrect number.

21.     Defendant's corporate policy and procedures provided no means for Plaintiff to have her cellular telephone number removed from the call list.

22.     Defendant has many similar complaints from consumers across the country as those alleged of in this lawsuit.

23.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

24.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

25.    Plaintiff incorporates paragraphs 1 through 23 as if set forth fully herein.

26.    Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. §227(b)(1)(A)(iii).

        WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs,

interest, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted this 6th day of June, 2014.

                                                **s/Lisa R. Wilcox**
Lisa R. Wilcox, Esquire
FBN: 697291
721 First Ave. N.,Suite 100
St. Petersburg, Florida 33701
Main and Fax 888-945-2695
lisa@wilcoxlawpa.com

and

**s/W. John Gadd**
W. John Gadd, Esq.
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Road Suite 250
Clearwater, Florida 33762
Telephone: (727) 524-6300
Fax: (727) 498-2160
wjg@mazgadd.com
Attorneys for Claimant