UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPHINE TAMBURELLO,

    Plaintiff,

v.                                                CASE NO. 8:14-cv-1362-T-23EAJ

AMAZON PROCESSING, LLC,

    Defendant.
_____/

**ORDER**

    The plaintiff sues (Doc. 1) for an alleged violation of the Telephone Consumer Protection Act.  The plaintiff moves (Doc. 18) for a partial summary judgment that holds the defendant liable for "willfully call[ing] Plaintiff's cell[]phone with an [automatic telephone dialing system] without the Plaintiff's consent."  Also, the defendant moves (Doc. 31) for summary judgment.

    47 U.S.C. § 227(b)(1)(A)(iii) prohibits using an automatic telephone dialing system to call a cellphone except (1) with "the called party's" consent or (2) for an "emergency purpose[]."  The defendant admits "possess[ing] an automated telephone dialing system in order to contact certain business clients."  (Doc. 22 at 1)  The question remains whether the defendant's automatic telephone dialing system called the plaintiff's cellphone.  The plaintiff argues that the "Defendant used an [automatic telephone dialing system] to make . . . calls" to the plaintiff's cellphone.  (Doc. 18 at 2)  Based on the affidavit of Mark Leibowitz, the Chief Executive Officer of the

defendant, the defendant claims to "possess[] a *separate and distinct* telephone system and methodology for communicating with [people, such as the plaintiff,] that utilize a cellular telephone."  (Doc. 22 at 1)

In the motion for partial summary judgment, the plaintiff laboriously demonstrates what the defendant readily admits — that the defendant uses an automatic telephone dialing system.  However, the plaintiff fails to demonstrate that the defendant's automatic telephone dialing system called the plaintiff's cellphone.  The plaintiff argues, "Any of Defendant's self-serving assertions that it happened by chance on this one specific account to manually dial the calls should be disregarded and treated as hearsay evidence."[*]  (Doc. 18 at 7)  However, the defendant claims to maintain a consistent strategy in "automatic[ally] dialing . . . non-cellular numbers" and "hand-dialing . . . cellular numbers."  (Doc. 22 at 2)  If proven, this strategy seems to comport with Section 227(b)(1)(A)(iii).

Further, the plaintiff argues that the defendant "refused to produce a call log during the discovery process."  (Doc. 18 at 7)  Rule 37(a), Federal Rules of Civil Procedure, offers the correct mechanism to compel "disclosure or discovery."  The plaintiff may not move for summary judgment to resolve a claim of incomplete discovery.  Whether the defendant's automatic telephone dialing system called the

---

[*] The plaintiff characterizes Leibowitz's affidavit as "self-serving." (Doc. 33 at 3) However, "that alone does not permit us to disregard [sworn statements] at the summary judgment stage. . . . [C]ourts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving. . . . [T]he law allows that interest and truth may go together." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (quotation marks omitted).

plaintiff's cellphone is a genuinely disputed material fact. Accordingly, the plaintiff's motion (Doc. 18) for partial summary judgment is **DENIED**.

Relying solely on Leibowitz's affidavit, the defendant's motion for summary judgment argues (1) that "none of the calls originating from (877) 553-1136 or (858) 712-0150 could have come from an automated dialing system" and (2) that "the other calls identified" — the calls from (877) 630-7571, (410) 910-0623, and (515) 326-9057 — "were not made by" the defendant. (Doc. 31 at 6) The plaintiff questions the truthfulness of Leibowitz's affidavit because "even the Defendant's own Corporate Representative, Shawn Coady, was unfamiliar with . . . the self-serving purpose of distinguishing which calls were placed using the Defendant's autodialer system versus those that were allegedly manually dialed." (Doc. 33 at 3) Whether the defendant's automatic telephone dialing system could have called the plaintiff's cellphone from the identified numbers is a genuinely disputed material fact properly resolved only at trial.

Further, the defendant fails to negate the possibility that the defendant's automatic telephone dialing system could have called the plaintiff's cellphone from (858) 427-9920. In its response (Doc. 30-2) to the plaintiff's "first request for admissions," the defendant admits to calling the plaintiff's cellphone from (858) 427-9920. However, in the motion for summary judgment, the defendant remains silent on whether the defendant's automatic telephone dialing system could have called from (858) 427-9920. Whether the defendant's automatic telephone dialing system

could have called the plaintiff's cellphone from (858) 427-9920 is a genuinely disputed material fact properly resolved only at trial.  Accordingly, the defendant's motion (Doc. 31) for summary judgment is **DENIED**.

ORDERED in Tampa, Florida, on January 16, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE