UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPHINE TAMBURELLO,

    Plaintiff,

v.                                        CASE NO. 8:14-cv-1362-T-23EAJ

AMAZON PROCESSING, LLC,

    Defendant.
_____/

## **ORDER**

Josephine Tamburello sues (Doc. 1) Amazon Processing under Section 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act[1] for allegedly calling her cellphone (1) using an "automatic telephone dialing system" and (2) using an "artificial or prerecorded voice." A January 16, 2015 order (Doc. 36) denies Tamburello's motion for partial summary judgment and denies Amazon Processing's motion for summary judgment. A bench trial (Docs. 65, 66) occurred on May 11–12, 2015.

---

[1] Section 227(b)(1)(A)(iii) states:

    (1) PROHIBITIONS. — It shall be unlawful for any person within the United States . . .

        (A) to make any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice —

        . . .

            (iii) to any telephone number assigned to a . . . cellular telephone service . . . .

**BACKGROUND**

Amazon Processing employs both a team of manual dialers and an automatic telephone dialing system. Amazon Processing (1) manually dials each cellphone number but (2) uses an automatic telephone dialing system to dial each non-cellphone number. After purchasing Tamburello's cellphone number from Dun & Bradstreet,[2] Amazon Processing manually called Tamburello's cellphone and spoke with Tamburello for approximately five minutes. The next day, with Tamburello's permission, a sales representative from Amazon Processing met Tamburello at her workplace. During the three months immediately after the meeting, Tamburello received on her cellphone seventeen calls, during each of which she purportedly (1) heard a pre-recorded message, (2) spoke with a "real person," and (3) demanded that the person stop calling her cellphone. The calls came from five different numbers.

**DISCUSSION**

Under Section 227(b)(1)(A)(iii), no person may call a cellphone "using any automatic telephone dialing system or an artificial or prerecorded voice" except with "the called party's" consent or in a few inapplicable circumstances. Tamburello has the burden of establishing by a preponderance of the evidence that Amazon Processing called her cellphone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" or both. If Tamburello satisfies the burden, Amazon

---

[2] Dun & Bradstreet had designated the number as a cellphone number.

- 2 -

Processing has the burden of establishing by a preponderance of the evidence that Tamburello consented to the call. *See Reed v. Morgan Drexen, Inc.*, 26 F. Supp. 3d 1287, 1290 (S.D. Fla. 2014) (Middlebrooks, J.); *In the Matter of Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 565 (2008).

**1. Automatic Telephone Dialing System**

The complaint alleges that Amazon Processing "called Plaintiff approximately eighteen (18) times[3] over a three month period, in an attempt to solicit business" and that "[e]ach call . . . was made using an 'automatic telephone dialing system.'" (Doc. 1 at 2) Tamburello attaches to her motion (Doc. 18) for partial summary judgment "Exhibit A" (Doc. 18-2), which is entitled, "call log to (813) 300-5656 from (877) 553-1136." However, a review of Tamburello's telephone bill reveals that the eighteen items correspond to calls from a variety of numbers — eight from (877) 553-1136, six from an "unavailable" number, two from (877) 630-7571, one from (515) 326-9057, and one from (410) 910-0623.[4] Tamburello testifies that "Wells Fargo" likely called from (515) 326-9057 and that a third institution likely called from

---

[3] However, in her proposed finding of fact (Doc. 69), Tamburello states that Amazon Processing called her only seventeen times. The proposed finding of fact fails to specify which of the eighteen calls she no longer disputes.

[4] Amazon Processing states, "One of the calls on Plaintiff's cellular telephone invoice was from Defendant's telephone number (858) 712-0150." (Doc. 70 at 4) However, Tamburello neither mentions this number at any time during this action nor lists this number in "Exhibit A."

In her trial brief, Tamburello states, "Defendant actually admits that it also made calls to Plaintiff's cell phone from another phone number (858) 427-9920." (Doc. 52 at 3) However, Amazon Processing called from the number on May 7, 2014, outside the three months that the parties dispute.

(410) 910-0623. Also, Tamburello admits that, although Amazon Processing called only during her work hours, one of the calls from an "unavailable" number occurred outside her work hours. The only calls that the parties dispute are the eight from (877) 553-1136, the remaining five from an "unavailable" number, and the two from (877) 630-7571.

Amazon Processing explains that (877) 553-1136 is "assigned to AppStar's manual dialing system team in Dallas, Texas," and that "the only method of dialing out using th[is] number[] is through an operator dialing the number by hand." In other words, Amazon Processing readily admits (1) that Amazon Processing called Tamburello's cellphone from (877) 553-1136 and (2) that Amazon Processing uses an automatic telephone dialing system to call certain numbers. However, Tamburello fails to attribute (877) 553-1136 to Amazon Processing's automatic telephone dialing system, and Amazon Processing affirmatively and credibly establishes that the automatic telephone dialing system cannot use (877) 553-1136.

Mark Leibowitz, chief executive officer of Amazon Processing, explains that Amazon Processing's "telephone cannot appear as 'UNAVAILABLE' or 'UNLISTED' in Plaintiff's telephone records since [Amazon Processing] always provides a valid 10-digit caller identification telephone number for all outbound calls." (Doc. 53 at 3) Also, Leibowitz explains that Amazon Processing never assigned (877) 630-7571 either to a manual dialer or to the automatic telephone dialing system. Based on Leibowitz's familiarity with Amazon Processing's

operation and his demeanor as a witness, Leibowitz's testimony is entirely credible and convincing; Tamburello offers no direct, verifiable, or persuasive reason to doubt Leibowitz's credibility.  Further, Tamburello offers no evidence to prove (1) that Amazon Processing blocked — or even has the capacity to block — the number of an outgoing call or (2) that Amazon Processing called from (877) 630-7571.  In sum, Tamburello fails to establish that Amazon Processing called her cellphone using an automatic telephone dialing system.

**2. Pre-recorded Message**

Tamburello testifies that each call from Amazon Processing contained the same pre-recorded message.  However, Tamburello fails to describe in detail the duration and content of the pre-recorded message (in fact, she claims to have "screamed" during the message).  Further, Shawn Coady (senior vice-president of information systems at Amazon Processing and a highly credible, competent, informed, and precise witness) testifies persuasively that Amazon Processing "has never utilized pre-recorded messages in its marketing efforts, whether through its automated telephone dialing system or its manual dialing system."  (Doc. 53 at 3) Tamburello's and Amazon Processing's statements conflict, and no other evidence corroborates or contradicts either.  However, based on both the demeanor and the consistency of Amazon Processing's witnesses, Coady and Leibowitz, Amazon Processing's testimony is much more credible.

In sum, Tamburello fails to establish by a preponderance of the evidence that Amazon Processing's call to Tamburello's cellphone contained a pre-recorded message.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 328–29 (2007) ("At trial, [a plaintiff] must . . . prove her case by a 'preponderance of the evidence.' Stated otherwise, she must demonstrate that it is *more likely* than not that the defendant acted with scienter.").  The far more persuasive evidence establishes clearly and convincingly that Amazon Processing used no pre-recorded message.

## CONCLUSION

Tamburello fails to establish by a preponderance of the evidence that Amazon Processing called her cellphone (1) using an "automatic telephone dialing system" or (2) using an "artificial or prerecorded voice."  Much the greater weight of the evidence establishes the contrary in each instance.  Accordingly, the clerk is directed (1) to enter judgment in favor of Amazon Processing and against Tamburello and (2) to close the case.

ORDERED in Tampa, Florida, on June 23, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE